UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:** **(In Chambers) Order Granting Defendants' Motion for Summary Judgment**

Pending before the Court is Defendants' Motion for Summary Judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' Motion and DISMISSES the case.

I.   Background

On September 22, 1988, Plaintiff Fadi Saad ("Plaintiff" or "Saad") married Nada Madi ("Madi") in a Druze ceremony approved by a judge of the Druze Court in Lebanon. *Administrative Record* ("*AR*") at 40. Both Saad and Madi are natives and citizens of Lebanon. *Id.* After their marriage, Saad and Madi had two children together; a daughter born in Lebanon on October 26, 1990, and a son born in Lebanon on October 19, 1995. *AR* at 38. In 2001, Saad divorced Madi in a Druze religious court. *AR* at 131.

Not long after the divorce, Saad entered the United States and, on January 31, 2001, he applied for asylum and withholding of removal. *AR* at 109-118. Saad was granted asylum effective October 14, 2003, at which point he was informed of the availability of "derivative asylum" for an asylee's spouse and unmarried children. *AR* at 15. Further, the Asylum Approval stated that a derivative asylum petition ("Asylee Relative Petition") must be filed within two years of the date of Saad's asylum. *Id.*; *see also* 8 C.F.R. § 208.21(d). Saad timely filed an I-730 Asylee Relative Petition for his two children, and his children ultimately entered the United States as derivative asylee relatives. *AR* at 20-21.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

After entering the United States, but before being granted asylum, Saad married Stephanie Neria ("Neria") in Nevada. *AR* at 44. On October 12, 2004, the two were divorced in Los Angeles. *AR* 45-46. Then, in December of 2006, three years after being granted asylum, Saad re-married Madi in Cyprus. *AR* at 47. Madi remains in Lebanon. *AR* at 26.

Three years and four months after the date he was granted asylum, Saad filed an I-730 Asylee Relative Petition on behalf of Madi. *AR* at 105-08. Realizing that the Petition was well beyond the two-year statutory limit, Saad, through his attorney, acknowledged the Petition's tardiness and sought a humanitarian extension of the filing deadline. *AR* at 119-20. To support the extension, Saad claimed that he had only recently discovered that his divorce from Madi was not valid since it was never listed by Lebanese authorities on his "Family Extract of Civil Status." *AR* at 119-20. Defendant United States Citizenship and Immigration Services ("USCIS" or the "Agency") denied the I-730 Petition filed on Madi's behalf as untimely and because Saad failed to establish that the notice period should be extended for humanitarian reasons. *AR* at 103-04; *see also* 8 C.F.R. § 208.21(d) (indicating that the filing period can be extended for "humanitarian reasons").

On September 22, 2008, almost five years after being granted asylum, Saad filed a second I-730 Asylee Relative Petition on behalf of Madi. *AR* at 7-4. In support of his humanitarian-extension argument, Saad offered a letter from a clinical psychologist concluding that his children—living in the United States—were depressed as a result of being separated from their mother—living in Lebanon. *AR* at 29. In addition, Saad provided a sworn statement indicating that he had recently discovered that his divorce from Madi was void, meaning that Saad and Madi were actually married at the time Saad was granted asylum. *AR* at 20. USCIS denied Saad's second I-730 petition filed on Madi's behalf again as untimely (the "February 26, 2009 Notice of Decision"). *AR* at 2-3. In so concluding, USCIS determined that the filing period should not be extended for humanitarian reasons because his failure to timely file an I-730 for Madi was deliberate in that he considered himself not married to her until they remarried—as evidenced by his marriage to Neria—and because his decision to move his children to the United states was a "parental choice." *AR* at 3.

On November 17, 2009, Saad filed this lawsuit against USCIS and the Department of Homeland Security (collectively, "Defendants") under the Declaratory Judgment Act and the Administrative Procedures Act seeking a declaration that USCIS's February 26, 2009 Notice of Decision constituted an abuse of discretion for failure to consider the letters provided by Saad's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#20**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

**O**

two children attesting to the hardship they have endured by being separated from Madi. *Compl.* 5:26-6:5. Before the Court is USCIS's Motion for Summary Judgment.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies this burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257. A non-moving party who bears the burden of proving an essential element to its case at trial must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). An issue of fact is a genuine issue if it can reasonably be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. Furthermore, "a district court has the responsibility to construe all facts in the light most favorable to the non-moving party." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).

III.    Discussion

In its Motion for Summary Judgment, USCIS argues that, as a matter of law, this Court lacks subject matter jurisdiction because there is "no meaningful standard by which to judge the Agency's denial decision." *Mot.* 6:4-6. The Court agrees.

Plaintiff Saad bases this Court's subject matter jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. §§ 701 and 702, and federal question jurisdiction, 28 U.S.C. § 1331. *Compl.* ¶ 1; *Opp'n* 6:13-15. The party asserting subject matter jurisdiction has the burden of proving its existence. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     A.     The Declaratory Judgment Act, 28 U.S.C. § 2201

Plaintiff first asserts jurisdiction based on the Declaratory Judgment Act, specifically 28 U.S.C. § 2201. The Declaratory Judgment Act, however, "does not by itself confer federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#20**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *see also Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093-94 (9th Cir. 1985) ("The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201."). Therefore, Saad cannot assert jurisdiction under 28 U.S.C. § 2201 alone, and, unless this Court properly has subject matter jurisdiction based on other claims raised in the Complaint, the Court lacks subject matter jurisdiction.

    B.    <u>The Administrative Procedures Act, 5 U.S.C. §§ 702, 702</u>

USCIS's Motion for Summary Judgment is premised almost entirely on absence of subject matter jurisdiction under the Administrative Procedures Act ("APA"). In his Complaint, Saad asserts APA subject matter jurisdiction based on 5 U.S.C. § 701 and 5 U.S.C. § 702, or APA sections 701 and 702.

Under the APA, courts can review final agency decisions. *See* 5 U.S.C. §§ 702-705. However, just as the APA "generally provides the standards of review for agency action," it also "withdraws jurisdiction to review agency decisions that are 'committed to agency discretion by law.'" *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 688 (9th Cir. 2003) (quoting 5 U.S.C. § 701(a)(2)). A decision is "committed to agency discretion by law" where "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 84 L. Ed. 2d 714 (1985). But "[e]ven where statutory language grants an agency 'unfettered discretion,' its decision may nonetheless be reviewed if regulations or agency practice provide a 'meaningful standard' by which this court may review its exercise of discretion." *Spencer Enters., Inc.*, 345 F.3d at 688 (quoting *Socop-Gonzalez v. INS*, 208 F.3d 838, 844 (9th Cir. 2000)).

As an initial matter, Saad concedes that § 701 "is not a separate source of jurisdiction." *Opp'n* 6:16-17. Instead, Saad asserts that his "complaint seeking District Court review of USCIS's denial of the I-730 petition is properly before this Court pursuant to . . . 5 U.S.C. § 702." *Opp'n* 6:26-28. Saad's position is without merit.

Section 702 says that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action, . . . is entitled to judicial review thereof." 5 U.S.C. § 702. However, section 702 must be read in conjunction with section 701, which expressly withdraws judicial review to the extent that "agency action is committed to agency

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

discretion by law." 5 U.S.C. § 701(a)(2). The relevant statute in this case, 8 U.S.C. § 1158(b)(3)(A), provides that "[a] spouse or child . . . of an alien who is granted asylum . . . *may* . . . be granted the same status." § 1158(b)(3)(A) (emphasis added). Tellingly, the statute uses the word "may," and it is well established that the decision to grant or deny derivative status to the spouse or children of a successful asylum applicant is committed to the discretion of immigration authorities. *See, e.g.*, *Mohtashemi v. Ashcroft*, 95 Fed. Appx. 298, 301 (10th Cir. 2004) ("[d]erivative asylum under § 1158(b)(3), however, is discretionary"); *Miljkovic v. Ashcroft*, 366 F.3d 580, 582 (7th Cir. 2004) ("the grant of derivative status to the spouse of a successful applicant for asylum is not automatic but requires an exercise of discretion"); *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 464 (S.D.N.Y. 2008) ("USCIS's decision to deny derivative asylum status to Ms. Ngassam's children is exempt from review under the APA because it is discretionary"); *Farag v. U.S. Citizenship and Immigration Servs.*, 531 F. Supp. 2d 602, 608 (S.D.N.Y. 2008) ("[g]ranting derivative asylum rests entirely within the discretion of the USCIS"); *Huli v. Way*, 393 F. Supp. 2d 266, 268-71 (S.D.N.Y. 2005) ("the denial of Huli's I-730 Petition . . . falls squarely within the scope of discretion Congress accorded because the statute grants 'sole discretion' to [USCIS] to determine 'what evidence is credible and the weight to be given to that evidence' in determinations regarding asylum and derivative asylum").

Despite the discretion granted to immigration officials in the derivative asylum context, Saad claims that "a decision whether to extend the [two-year] filing date of the I-730 application for 'humanitarian' reasons" is a different question and is reviewable. *Opp'n* 8:3-4. The Court disagrees.

As discussed, regulation 8 C.F.R. § 208.21(d) sets a two-year filing deadline for I-730 Asylee Relative Petitions, which begins to run on the date asylum is granted. This two-year deadline can be enlarged only if USCIS "determines that the filing period should be extended for humanitarian reasons." 8 C.F.R. § 208.21(d). Saad claims that "although the term 'humanitarian reasons' is undoubtedly broad, it nonetheless offers a meaningful restraint on USCIS's decision[s]," a restraint which provides the groundwork for judicial review. *Opp'n* 8:8-11. Saad's position, however, is not supported by statute, regulations or agency practice.

During the notice and comment period for the Agency's regulation setting forth the two-year filing deadline and humanitarian exception, "[f]ive commenters argued that, since the proposed rule did not define which 'humanitarian reasons' warranted an extension of the filing deadline, [the exception] would lead to arbitrary and conflicting decisions by [USCIS] officers." *Procedures for Filing a Derivative Petition (Form I-730) for a Spouse and Unmarried Children*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

*of a Refugee/Asylee*, 63 Fed. Reg. 3792, 3793 (Jan. 27, 1998). Instead of clearly defining how the humanitarian exception would be applied, the Agency preserved the discretion accorded to it by statute, and responded: "On the contrary, [USCIS] believe[s] that defining the specific qualifying 'humanitarian reasons' would only act to restrict severely the category and shut the door on applicants who need this exception most. As with other immigration benefits, applications should be decided on a case-by-case basis." *Id*. In doing so, the Agency clearly indicated that it would not be limited by other uses of the term "humanitarian reasons," as applied in other contexts and regulations. *Id.* The Court is unable to locate any formal guidance or indicia of agency practice regarding application of the humanitarian exception to the two-year filing deadline. Coupled with the applicable statutes, regulations and agency record, the Court is left to conclude that the decisions to apply the "humanitarian reason" exception to the filing deadline and grant or deny derivative status is left solely to the discretion of USCIS without any meaningful standard by which a court may review USCIS's determinations. *Cf. Spencer Enters., Inc.*, 345 F.3d at 688; *see also Huli*, 393 F. Supp. 2d at 268-71 (it is within the Agency's discretion to determine "what evidence is credible and the weight to be given to that evidence in determinations regarding asylum and derivative asylum").

Thus, sections 701 and 702 do not provide an independent basis for subject matter jurisdiction in this case because USCIS's relevant actions are "committed to agency discretion by law," 5 U.S.C. § 701, and there is no "'meaningful standard' by which this court may review its exercise of discretion," *Spencer Enters., Inc.*, 345 F.3d at 688.

      C.      <u>Federal Question Jurisdiction, 28 U.S.C. § 1331</u>

Finally, Saad relies on 28 U.S.C. § 1331 as a basis for subject matter jurisdiction. Section 1331 of Title 28 of the United States Code provides that federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaitniff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quotation omitted). Thus, section 1331 alone

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#20**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8428 PSG (JEMx) | Date | June 27, 2011 |
|---|---|---|---|
| Title | Fadi Saad, *et al.* v. United States Department of Homeland Security, *et al.* | | |

does not confer subject matter jurisdiction, but is necessarily dependent upon other applicable federal statutes or constitutional provisions.

As discussed above, because neither the Declaratory Judgment Act nor the Administrative Procedures Act provide a cause of action or a federal-law dependent right to relief, section 1331 does not confer subject matter jurisdiction in this case.

IV.  Conclusion

Based on the foregoing, the Court concludes that Defendants are entitled to judgment as a matter of law. Thus, the Court GRANTS Defendants' Motion for Summary Judgment and dismisses the case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**